UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER HANCE, | ) |
|     Plaintiff | ) ) ) |
| v. | ) **Case No.:** |
| PREMIER RECOVERY GROUP. INC., | ) ) **COMPLAINT AND DEMAND FOR** |
|     Defendant | ) **JURY TRIAL** ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JENNIFER HANCE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PREMIER RECOVERY GROUP. INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its headquarters in the State of New York and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Ocklawaha, Florida.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 191 North Street, Buffalo, New York 14201.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, originating from a payday loan.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. Throughout the past year, and continuing until the Fall of 2011, Defendant's representatives placed repeated harassing telephone calls to Plaintiff's work and cellular telephone numbers, in connection to the collection of the alleged payday loan debt.

13. The harassing collection calls derived from numbers, including, but not limited to (716) 335-9947.  The undersigned has confirmed that this number belong to Defendant.

14. Defendant's representatives regularly called Plaintiff multiple times in a single day, in order to collect the alleged debt.

15. On various occasions, Defendant's representatives called Plaintiff at least four (4) times in a single day.

16. Defendant's collection calls to Plaintiff exceeded twenty (20) per month.

17. Defendant's representatives regularly called Plaintiff's place of employment in order to collect the alleged debt.

18. These calls to Plaintiff's place of employment were of great inconvenience to Plaintiff, and caused Plaintiff significant embarrassment and anxiety.

19. Plaintiff repeatedly told Defendant's representatives not to make such collection calls to Plaintiff at her place of employment.

20. On numerous occasions after being notified that calls to Plaintiff's place of employment must cease, Defendant's representative "John Harvey" (phonetic) continued to call Plaintiff while she was at work.

21. On several occasions, including one telephone call in or around December 2011, Defendant's representative(s) threatened that Defendant will take legal action if Plaintiff did not make immediate payment to Defendant.

22. To date, Defendant has taken no legal action against Plaintiff.

23. Plaintiff believes that Defendant never intended on taking legal action against Plaintiff, but merely made such baseless threats in order to intimidate and coerce Plaintiff into making payment on the alleged debt.

24. Defendant's actions as described herein were made taken with the intent to harass, abuse, upset and coerce Plaintiff into making payment.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

a. Defendant violated the FDCPA generally;

b. Defendant violated § 1692c(a)(3) when it repeatedly contacted the workplace of Plaintiff, despite her demands that such calls cease;

c. Defendant violated § 1692d of the FDCPA when it harassed, oppressed, and abused Plaintiff in an attempt to collect a debt;

d. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff and Plaintiff's husband's telephone to ring repeatedly and continuously;

e. Defendant violated § 1692e of the FDCPA when it made deceptive and misleading representations to Plaintiff in connection to the collection of the alleged debt;

f. Defendant violated § 1692e(5) of the FDCPA when it caused Plaintiff and Plaintiff's husband's telephone to ring repeatedly and continuously;

g. Defendant violated § 1692e(10) of the FDCPA when it made deceptive and misleading representations to Plaintiff in connection to the collection of the alleged debt; and

h. Defendant violated § 1692f of the FDCPA when it continuously demanded payment of the alleged debt, despite Plaintiff's regular good-faith payments;

WHEREFORE, Plaintiff, JENNIFER HANCE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, JENNIFER HANCE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

/s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

Dated: 01/12/12