UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER HANCE,

                              Plaintiff,

               v.                                    **DECISION AND ORDER**
                                                     12-CV-028S

PREMIER RECOVERY GROUP, INC.,

                              Defendant.

        1.      On January 12, 2012, Plaintiff, Jennifer Hance, filed a complaint alleging

various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692,

et seq. Defendant, Premier Recovery Group, Inc. ("Premier"), failed to appear and defend

this action, which resulted in the Clerk of the Court entering default on November 15, 2012.

(Docket No. 9.) Presently before this Court is Plaintiff's Motion for Default Judgment

pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  For the following

reasons, Plaintiff's motion is granted.

        2.      Before obtaining default judgment, a party must first secure a Clerk's Entry

of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default.

Fed. R. Civ. P. 55(a).  Once default has been entered, the allegations of the complaint that

establish the defendant's liability are accepted as true, except for those relating to the

amount of damages.  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155,

158 (2d Cir. 1992).

        3.      As set forth in the complaint, the facts are straightforward: Throughout 2010

and into the fall of 2011, Defendant, in an attempt to collect an alleged consumer debt,

repeatedly called Plaintiff's home and workplace. (Compl. ¶ 12.) Despite Plaintiff's request

that the calls stop, Defendant sometimes called four times per day, and the calls exceeded

twenty per month. (Compl. ¶¶ 15, 16.) On several occasions, Defendant threatened legal representation. (Compl. ¶ 21.) No such action has been taken. (Compl. ¶ 22.)

4.      In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment.  See Fed. R. Civ. P. 55(b)(2).  Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  All reasonable inferences from the evidence presented are drawn in the moving party's favor.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

5.      Plaintiff claims a wide range of violations under numerous provisions of the FDCPA, including Sections 1692c(a)3, 1692d, 1692(e), 1692e(5) and (10), and 1692f. These provisions of Title 15 prohibit various acts, including calls to the consumer's workplace, harassing behavior, deceptive practices, threats to take any action that cannot legally be taken or that is not intended to be taken, and the use of "unfair or unconscionable means" to collect a debt.

6.      Section 1692k(a)(2)(A) authorizes up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA.  The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion.  See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998).  Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals

2

adversely affected, and the extent to which the debt collector's non-compliance was intentional.  See 15 U.S.C. § 1692k(b)(1).

7.      Here,  Premier is deemed to have admitted calling Hance's home and workplace—sometimes threatening legal action— on a number of occasions, totaling more than 20 times per month. Plaintiff's counsel requests the statutory maximum of $1,000 in damages per violation. This Court finds that to be excessive. Under these circumstances, this Court finds that the violations against Hance entitle her to a total of  $500 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). See  Fajer v. Kaufman, Burns & Associates, No. 09-CV-716S, 2011 WL 334311 (W.D.N.Y. Jan. 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation).

8.      The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  See 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable  fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117 (2d Cir. 2007).

9.      Plaintiff's attorney,  Craig  Thor  Kimmel, has been the senior partner in Kummel & Silverman, P.C. since 1991. Given his experience in consumer-related litigation, this Court finds his fee of $225 to be reasonable. See Fajer, 2011 WL 334311 (awarding $215 per hour to partner, $175.00 per hour to associate, and $75.00 per hour to paralegal).

The rates for other attorneys and paralegals in his firm who worked on this case, ranging from $50 to $200 per hour, are also reasonable. See id. Further, the 13.1 hours of time billed for this case are reasonable. See Engler v. Atl. Res. Mgmt., LLC, No. 10-CV-968S, 2012 WL 464728 (W.D.N.Y. Feb. 13, 2012) (approving 13.8 hours of attorney time in default, FDCPA case). Accordingly, this Court approves the attorneys' fees detailed in Plaintiff's Exhibit "A." (Docket No. 12-1.) Finally, this Court finds the costs, totaling $430, to be reasonable and awards them to Plaintiff.

****

IT HEREBY IS ORDERED, that Defendant's Motion for Default Judgment (Docket No. 11) is GRANTED.

FURTHER, that Plaintiff is awarded $500 for Defendant's violations of the FDCPA.

FURTHER, that Plaintiff is awarded $2,625.00 in attorney fees and costs.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: January 3, 2013
     Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court